IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RONALD HOLLEY, SR.,

Plaintiff, No. CIV S-04-1842 FCD JFM P

vs.

C.C.I. W. SINKOVICH, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his constitutional rights by improperly increasing his classification score in retaliation for filing inmate grievances, conduct that is protected by the First Amendment. This matter is before the court on defendants' motions to dismiss and for protective order, and on plaintiff's motion for an order requiring the California Attorney General's Office to recuse themselves as counsel for defendants.

Defendants seek dismissal of this action pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On February 11, 2005, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with

respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

ANALYSIS

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199. Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315 F.3d at 1120; Brown v. Valoff, ___ F.3d ____, 2005 WL 2129069 (9th Cir. 2005).

The California prison grievance procedure has several layers, culminating in the third, or Director's, level review. Cal.Code Regs tit. 15, §§ 3084.1- 3084.5. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, unless a step of the grievance process is not available to plaintiff. Cal. Code Regs. tit. 15, § 3084.5. The third or "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections.]" See Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of Review"; Irvin v. Zamora, 161 F.Supp.2d 1125, 1129 (S.D. Cal.2001).

Plaintiff's amended complaint contains the following allegations. Defendant Prebula conspired with other prison officials and retaliated against plaintiff by adding "excess classification points" to plaintiff's classification score without due process and in retaliation for plaintiff's refusal to drop an inmate grievance. (Amended Complaint, filed November 29, 2004,

at 6.) Defendant Prebula told plaintiff that defendant Miller had added the classification points and that when plaintiff confronted defendant Miller she told plaintiff that he should not have "tried to file criminal charges on me" and walked away. (Id.) On July 28, 2004, plaintiff filed an inmate grievance seeking correction of his classification score. (Id.) Defendants Cry and Sinkovich improperly rejected plaintiff's appeal as duplicative and failed to attach a form, necessary to further pursuit of administrative review, to the rejected appeal.

The record reflects that on June 3, 2004, plaintiff filed an inmate grievance challenging an increase to his classification score. (Inmate/Parolee Appeal Form, Log. No. 04-M-969, attached to Amended Complaint.) Plaintiff contended that the increase was improper as it had been based on three disciplinary convictions from a prior prison term, all of which had been "overturned" in 1993. (Id.) The grievance was rejected at the informal level of review, as well as the first and second formal levels of review. (Id.) On July 27, 2004, plaintiff completed the section of the appeal form for submission of the appeal to the Director's Level. (Id.) Plaintiff did not, however, actually submit the grievance to the Director's Level. (Ex. D to Defendants' Motion to Dismiss, filed April 11, 2005, Declaration of Rubie Piazza, at ¶ 10.) Although plaintiff alleged in that section of the grievance form that defendant Miller was "still retaliating" against plaintiff by "arbitrarily" increasing his classification score, the grievance contained no allegation that the classification score had been increased because plaintiff had tried to pursue criminal charges against defendant Miller.

On July 28, 2004, plaintiff filed another inmate grievance at the informal level of review. (Ex. 1 to Amended Complaint.) In that grievance, plaintiff contended that he had learned on July 27, 2004, apparently through receipt of the disposition of his first grievance, of six additional classification score points that he believed had been improperly included in his classification score. (Id.) Plaintiff contended in the grievance that those points were different from the ones at issue in his first grievance. (Id.) Plaintiff also contended that defendant Prebula had added six points to plaintiff's classification score "as an act of retaliation for his pursuit of

judicial remedy [sic] in prior claims" and that defendants Miller and Prebula were engaged in a conspiracy to retaliate against plaintiff. (Id.) On August 23, 2004, that grievance was rejected at the informal level as duplicative. (Id.) Plaintiff did not pursue that grievance further. The instant action was filed on September 2, 2004.

In opposition to defendants' motion, plaintiff contends that rejection of his second grievance as duplicative rendered further administrative remedies unavailable to him and, therefore, that the exhaustion requirement of 42 U.S.C. § 1997e(a) has been satisfied in this case. Plaintiff's contention is without merit.

Under applicable regulations, an inmate grievance may be rejected at the informal level of review on the ground, inter alia, that it duplicates another grievance. See Cal. Code Regs. tit. 15 § 3084.3(c)(2). If an appeal is rejected at the informal level, "an inmate may file a first formal appeal with the prison's Appeals Coordinator within fifteen working days." Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005)(citing Cal. Code Regs. tit. 15 §§ 3084.5(b), 3084.6(c)). It is only when an appeal is rejected on certain procedural grounds at the first formal level of review that the regulations do not provide for further administrative review. Ngo, id.

In the instant case, plaintiff's second grievance was rejected as duplicative at the informal level of review. At that point, review at the first formal level of review remained available to plaintiff under applicable regulations. He did not, however, seek this review. For this reason, this court finds that plaintiff failed to exhaust administrative remedies prior to suit and will recommend that defendants' motion to dismiss be granted on this ground.

Defendants have also filed a motion for a protective order from discovery during the pendency of their motion to dismiss. Good cause appearing, the motion will be granted.

Finally, plaintiff seeks an order requiring the California Attorney General's Office to recuse itself from this action. The motion is without merit and will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 8, 2005 motion for recusal of the Attorney General is denied;

2. Defendants' April 14, 2005 motion for a protective order is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' April 11, 2005 motion to dismiss be granted; and

2. This action be dismissed for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2005.

UNITED STATES MAGISTRATE JUDGE

12
holl1842.mtd